EXHIBIT A

NORTH CAROLINA     FILED     IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
GUILFORD COUNTY     2022 DEC 12 A II: 40     22CvS 9186

GUILFORD CO., C.S.C.

BY _____

| | |
|---|---|
| JACQUELINE S. BYNUM, | ) |
| Plaintiff, | ) |
| vs. | ) COMPLAINT |
| TENCARVA MACHINERY COMPANY, LLC, | ) |
| Defendant. | ) |

COMES NOW PLAINTIFF, complaining of the acts of Defendant, alleges and says that:

1. Plaintiff is a citizen and resident of Guilford County, North Carolina.

2. Upon information and belief, Defendant is a limited liability company organized and existing under and by virtue of the laws of the State of North Carolina with a principal place of business in Greensboro, Guilford County, North Carolina. Further, said Defendant is a supplier of industrial equipment that is a business in commerce in North Carolina.

3. That at all times relevant herein, Plaintiff was employed by Defendant as a Human Resource Assistant. While so employed, Plaintiff performed her duties with all professionalism and the best interests of Defendant in mind.

4. That, upon information and belief, Jennifer Nordbladh is a citizen and resident of North Carolina and has been employed by the Defendant as the Human Resource Manager for the Plaintiff's former employment location.

FIRST CAUSE OF ACTION: RACIAL DISCRIMINATION AND RETALIATION

5. That Plaintiff is a Black female and was the only Black person employed by Defendant in an administrative role at all times relevant herein. She was responsible for many duties including processing hourly employee payroll, data entry for payroll changes, completion of new hire employment packages, and assisting the Human Resource Manager.

6. That Plaintiff experienced derogatory statements by her manager, Jennifer Nordbladh, regarding her performance of her duties that were factually unwarranted. In addition, Ms. Nordbladh continually harassed Plaintiff and created a hostile working environment for Plaintiff in the following ways: 1) denial of requested time off, 2) refused to allow Plaintiff to take time off without pay for personal needs while granting the same leave for other employees, 3) refusing to allow Plaintiff to transfer to a different department when a new position opened in January, 2022, 4) she cancelled trainings for Plaintiff without notice or justification, and 5) provided lower

annual bonuses to Plaintiff as compared to her coworkers. These are some of the examples of the hostile environment experienced by Plaintiff.

7. That during staff and/or team meetings, Ms. Nordbladh would refuse to answer Plaintiff's questions or allow her to comment on the subjects presented in the meetings. Despite her best efforts, Plaintiff was unable to stop these behaviors from recurring.

8. That despite her good work performance, Plaintiff was held to a higher and different standard of performance as compared to her non-Black coworkers.

9. That Plaintiff requested assistance from the Director of Human Resources on or about April 11, 2022 to transfer to a different department and remove herself from the hostile work environment created by Ms. Nordbladh. No meeting was held and the only assistance offered to correct Ms. Nordbladh's treatment of Plaintiff based upon racial discrimination and retaliation for the hostile treatment was directing Plaintiff to speak with her about these concerns.

10. That Plaintiff did as directed and Ms. Nordbladh's response was ineffectual and she refused to accept any responsibility for the situation.

11. That the racially discriminatory behavior of Ms. Nordbladh and the hostile work environment she created, had a very adverse effect on Plaintiff's physical and emotional health. Based upon the Defendant's responses to Plaintiff concerns, it appeared unlikely that any positive changes would be forthcoming in the work environment and the behavior of Ms. Nordbladh.

12. That at the direction of her medical providers, Plaintiff requested a leave of absence under the Family and Medical Leave Act. The leave was granted.

13. That on or about September 12, 2022, Plaintiff was constructively terminated when she was forced to resign her position to protect her health.

14. That the Defendant is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, in that Defendant is and has been at all times relevant to this action, engaged in the business of providing industrial equipment for a fee which is a business in commerce and has employed 15 or more employees for every working day in each of 20 or more calendar weeks in the current and preceding calendar year.

15. The conduct of Defendant, by and through its duly appointed agents, as alleged herein, not only violates Title VII of the Civil Rights Act of 1964, as amended, but also violates the public policy of the State of North Carolina.

16. That within 180 days of the last act of racial discrimination, Plaintiff filed a charge with the EEOC alleging racial discrimination, retaliation, and hostile work environment. Having

2

received her Right to Sue Letter from the EEOC, she is now bringing the subject action within 90 of receipt of same.

17. That as a direct and proximate result of the Defendant's conduct, Plaintiff has suffered damages in excess of $25,000.00 as lost wages, benefits, and emotional distress. The discrimination and retaliation were very stressful to Plaintiff and rose to the level that a reasonable person would consider outrageous. Moreover, the stress levels were sufficiently severe to require medical treatment for Plaintiff.

## SECOND CAUSE OF ACTION: NEGLIGENT RETENTION AND SUPERVISION

18. The allegations set forth in paragraphs one through seventeen are realleged and incorporated by reference as if fully set forth.

19. That at all times relevant herein, the Defendant was aware of the conduct of its supervisors and managers and accepted or acquiesced in the manner in which they performed their duties.

20. That the Defendant was negligent in the retention of Ms. Nordbladh as well as other agents of the Defendant in the following ways:

   a. They failed to properly train them in the methods of investigating concerns about discrimination, retaliation, and the creation of a hostile work environment;

   b. They failed to properly train them in the application of its anti-harassment policies and the requirements of Title VII of the Civil Rights Act;

   c. They failed to properly supervise their conduct with respect to the Plaintiff;

   d. They continued to retain their services even when they knew they allowed Plaintiff to be harassed and retaliated against in the workplace based upon race; and

   e. Such other ways as may be proven at trial.

21. That as a direct and proximate result of said conduct, Plaintiff has been damaged in an amount in excess of $25,000.00 representing lost wages, benefits, emotional distress, and compensatory damages.

WHEREFORE, Plaintiff prays the Court as follows:

1. That the Defendant be ordered to cease all discrimination and retaliation in its workplace and to eliminate the hostile environment which exists in its facility;

2. That the Court enter a judgment against Defendant for the damages suffered by Plaintiff representing her lost wages, benefits, emotional distress, and lost opportunities that resulted from the Defendant's conduct and reinstate Plaintiff to her former position with full back pay;

3. That she recover judgment against Defendant in an amount in excess of $25,000.00, plus interest, for personal injury and emotional distress;

4. That she recover the costs of this action, including reasonable attorney's fees; and

5. For such other and further relief as to the Court may seem just and proper.

Nancy P. Quinn,
Attorney for Plaintiff
315 Spring Garden St., Suite 1D
Greensboro, NC 27401
Telephone: (336) 272-9072

4